Per Curiam :
Plaintiff is an Air Force reserve major who was honorably discharged from his reserve commission in 1968, after a hearing and procedures which he challenges in this action. The basis for the separation was the Air Force’s determination, as a result of the disputed hearing and procedures, that plaintiff, while on 1967 vacation in Bermuda and not on active duty, falsely represented himself at the Visiting Officers Quarters at Kindley Air Force Base (1) “as a Major on active duty with the United States Air Force and did thereby obtain for yourself and Anne T. Byron, who you falsely represented to be your wife, government transportation, quarters and other services to which you were not entitled”, and (2) as “assigned to OSI-SCAR, Andrews AFB, Maryland, whereas your assignment to OSI [Office of Special Investigation] had terminated in 1962.”
In the view we take, it is unnecessary to set forth or to consider the various infirmities plaintiff charges against the Air Force’s practices and procedures in his case. Even though we assume that he is correct in all of these allegations, we are required to hold for the defendant on two separate grounds both of which are wholly unaffected by the asserted procedural errors.
The first basis for our decision is that plaintiff admits that, while on the 1967 vacation in Bermuda, he obtained a room *169 in Air Force visiting-officers quarters for himself and a woman who was not his wife, and both occupied that room for a night. It is undisputed that he presented himself and Miss Anne T. Byron before the desk clerk and asked for a room. He filled out his own guest reservation card; a second guest card was filled out by the clerk in the name of “Anne T. Reeves, wife of Major Reeves.”
All this is conceded. Major Reeves obviously and admittedly knew Miss Byron was not his wife and that he could not occupy a government room with her if they were not married. He also concedes that he knew that the clerk was registering her[1] and how she was being, or would be, registered. Whatever the procedural defects committed by the Air Force, and regardless of whether plaintiff falsely represented his own status,[2] there is no possible way to avoid concluding that plaintiff falsely represented Miss Byron as his wife by knowingly allowing the clerk to register her as Mrs. Reeves. It is likewise beyond argument that the Air Force could separate (honorably) a reservist who made such a false representation with respect to government quarters, and then occupied a room with the spurious wife. However far and fast the wave of the future may ultimately wash, in 1967 (as today) that was not permissible conduct for an officer of the armed forces.
The other independent ground for holding that plaintiff now has no claim maintainable in this court is that he was properly transferred from the Ready Reserve to the Standby Reserve in 1967 before his 1968 discharge. Members of the Standby Reserve do not serve on active duty and, unlike the Ready Reserve, are not entitled to active duty pay for serving short tours of active duty. All that plaintiff seeks, or could seek, in this suit is active duty pay for such limited tours of which, in his view, he has been deprived by an illegal discharge. He has, at this time, no other monetary claim against the Government since he was not, in 1967 or 1968, on extended *170 active duty. Plaintiff’s problem is that, if the 1967 transfer to standby status was itself legal, he would then have no right to active duty pay for limited tours even though the subsequent 1968 discharge was invalid on one or more of the various grounds he raises.
We uphold the 1967 transfer as valid. At the time it was effected (September 5, 1967), the regulation (AFM 35-3N, Table 39-1, Rule 8, dated Oct. 27,1966) called for the transfer to standby of a ready reservist who “Does not possess the required military qualifications for his grade or specialty; or he does not meet the mental, moral, professional or physical standards of the Air Force.” No hearing or advance notification to the officer was required at that time.
The internal Air Force letter (dated September 5, 1967, with the symbol SCPPV) putting Major Reeves in standby referred to this Rule 8, and at the same time recommended proceedings for his total discharge expressly on the basis of a report of the Bermuda incident. It was quite clear that the Air Force considered Rule 8 satisfied because plaintiff failed to meet the required “moral” standards.
Plaintiff calls this transfer invalid for failure to comply with another provision of the then regulation (AFM 35-3N, supra, Section 39-10) which said that orders transferring a serviceman to standby “will indicate the specific reason and cite the appropriate table and rule as indicated in table 39-1.” Plaintiff’s formal transfer order, issued about a week after the Air Force letter described above, contains the notation: “Rule 8, Table 39-1 and Btr, SCPPV, 5 Sep 67, Reassignment.” We view this notation as substantial compliance. Rule 8 was mentioned, as was the transfer letter of September 5th, referred to above, which specifically relied on the investigative report detailing the incidents at the Bermuda visiting-officer quarters. Thus, both the “specific reason” and the “appropriate table and rule” were in effect given in the order, as required by the regulation. If he had any doubt as to the reason for his transfer to standby, plaintiff could easily have found out by following up the notation on his transfer order.
On these two separate grounds, we hold that plaintiff is not entitled to recover, his motion for summary judgment is *171 denied, and the defendant’s cross-motion granted. The petition is dismissed.

In order to write “Anne T. Reeves”, tie clerk must Rave asked at least her first name and middle initial or somehow received that information from plaintiff or Miss Byron.

 Plaintiff vehemently denies that he represented himself as on active duty or that he misrepresented his organization.